UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | | |
|---|---|---|
| **CLARENCE D. LEWIS**<br>**D.O.C. # 123525** | : | **DOCKET NO. 15-cv-2167** |
| **VERSUS** | : | **JUDGE TRIMBLE** |
| **JOHNNY HEDGEMON ET AL.** | : | **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

Before the court is a pro se application for a writ of habeas corpus pursuant to 28 U.S.C § 2254, filed by Clarence D. Lewis ("petitioner") [doc 1]. The petitioner is a prisoner in the custody of the Louisiana Department of Public Safety and Corrections. He is currently incarcerated at Raymond Laborde Correctional Center in Cottonport, Louisiana. At the time he filed this petition he was incarcerated at the River Bend Detention Center in Lake Providence, Louisiana. Doc. 1, p. 1. Johnny Hedgemon, warden of River Bend Detention Center, opposes the application. Doc. 18.

This matter is referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of the court. For the following reasons **IT IS RECOMMEDED** that the application be **DENIED** and that the petition be **DISMISSED WITH PREJUDICE**.

# I.
## BACKGROUND

### A. Conviction

The petitioner was charged by bill of information in the Fifteenth Judicial District, Lafayette, Louisiana, with one count of forcible rape and two counts of home invasion. Doc. 18, att. 4, p. 131. The charges related to events in July of 2010 when the petitioner was alleged to have broken into an apartment inhabited by C.R. and N.R. on two occasions, threatened and assaulted the women, and raped N.R. during one of the invasions. *Id.*; *see* doc. 18, att. 3, pp. 126–28.

On September 22, 2011, the petitioner pleaded guilty to the charged offenses. Doc. 18, att. 3, pp. 124–32. He was sentenced to a fifteen year term of imprisonment on each count, with the terms to run concurrently and two years of the sentence to be served without benefit of probation, parole, or suspension of sentence. *Id.* The petitioner filed a *pro se* "Motion to Withdraw Plea Agreement" on September 26, 2011, which was summarily denied by the trial court. Doc. 18, att. 4, pp. 22–25. He then filed a "Motion to Correct an Illegal Sentence" on October 3, 2012, which was also denied. Doc. 18, att. 3, pp. 115–22.

### B. State Collateral Review

The petitioner did not file a direct appeal. Doc. 1, p. 2. Instead, he undertook several *pro se* attempts at post-conviction relief in the state courts. He first filed an application post-conviction relief on or about February 16, 2012, raising the following claims:

1. The sentence under the plea agreement is illegal and subjects the petitioner to double jeopardy under Article 596 of the Louisiana Code of Criminal Procedure because it is based on a continuous offense.
2. There was insufficient evidence to support the charges.
3. The district court exceeded its jurisdiction and placed the petitioner in double jeopardy because he had already received a misdemeanor sentence for the same events in Lafayette city court.

Doc. 18, att. 4, pp. 2–8. The trial court denied the application without a hearing. Doc. 18, att. 3, pp. 173–74.

The petitioner filed a second application for post-conviction relief on or about June 7, 2012. *See* doc. 18, att. 3, pp. 165–70. There he raised the following claims:

1. The conviction was obtained in violation of the petitioner's constitutional rights because the bill of information was defective.
2. The state violated the petitioner's rights by failing to rearrest or Mirandize him when the charges were increased from burglary to home invasion and rape.
3. The statute of limitations for prosecuting these offenses has expired.

*Id.* The trial court granted a hearing. *Id.* at 154. At the hearing the petitioner appeared *pro se* and argued the following claims from his first and second applications:

1. The state did not have sufficient evidence to support the charges.
2. The state improperly charged the petitioner under a bill of information rather than indictment, and the bill of information was defective.
3. The conviction violated the constitutional prohibition on double jeopardy due to the fact that the petitioner had pleaded guilty to a battery charge in city court.

*Id.* at 45–56. The trial court heard argument and denied relief. *Id.* The petitioner sought a writ of review in the Louisiana Third Circuit Court of Appeal. That court denied review on May 22, 2013, noting that the petitioner's guilty plea precluded him from challenging the sufficiency of evidence and that other claims raised in his petition for review had not been raised in the trial court and therefore could not be considered under Uniform Rules—Courts of Appeal, Rule 1-3. *Id.* at 96.

The petitioner attempted to refile his second application for post-conviction relief on January 1, 2013, and the trial court denied this attempt as moot. Doc. 18, att. 3, pp. 104–12. He then filed a *pro se* "Petition for a Writ of Habeas Corpus" in the trial court on or about June 15, 2013, raising several grounds for relief including a claim that the state failed to Mirandize or

rearrest the petitioner on the charged offenses. *Id.* at 85–88. The trial court denied the petition summarily on July 9, 2013. *Id.* at 89.

On or about June 28, 2014, the petitioner filed a "Motion to Vacate Conviction and Sentence" in the trial court. *Id.* at 30–36. There he made several claims, including an assertion that his guilty plea hearing did not satisfy constitutional standards of due process and violated his rights under the Fifth Amendment. *Id.* The trial court denied the motion summarily. *Id.* at 37. He appears to have filed two applications for writs of review with the Third Circuit in 2014, presumably relating to the trial court's denial of his Motion to Vacate and Petition for a Writ of Habeas Corpus. *See State v. Lewis*, 146 So.3d 972 (La. Ct. App. 3d Cir. 2014); *State v. Lewis*, 155 So.3d 728 (La. Ct. App. 3d Cir. 2014). He then sought review in the Louisiana Supreme Court for the Third Circuit's three denials of his attempts at review. Doc. 18, att. 12, pp. 2–13. The Louisiana Supreme Court denied same on June 5, 2015. Doc. 18, att. 12, p. 1; *State ex rel. Lewis v. Louisiana*, 171 So.3d 944 (La. 2015).

### C. Federal Habeas Petition

The instant petition was filed on July 13, 2015. Doc. 1, p. 15. As grounds for relief the petitioner raises the following claims:

1. The state violated the petitioner's constitutional rights by failing to rearrest or Mirandize him on the "enhanced charges."
2. The state violated the petitioner's Fifth Amendment protection against self-incrimination during his guilty plea hearing.
3. The state failed to produce sufficient evidence to support the charges.
4. The state failed to timely institute prosecution of the case.

*Id.* at 5–11. In his reply the petitioner also alleges some alterations to the record. *See* doc. 19, att. 1. We will only evaluate these claims as those portions of the record relate to issues of timeliness, procedural default, or the merits of the claims presented above.

# II.
## LEGAL STANDARDS ON HABEAS REVIEW

### A. Timeliness

Federal law imposes a one-year limitation period within which persons who are in custody pursuant to the judgment of a state court may seek habeas review in federal court. 28 U.S.C. § 2244(d)(1). This period generally runs from the date that the conviction becomes final. 28 U.S.C. § 2244(d)(1)(A). The time during which a properly-filed application for post-conviction relief is pending in state court is not counted toward the one-year limit. 28 U.S.C. § 2244(d)(2); *Ott v. Johnson*, 192 F.3d 510, 512 (5th Cir. 1999). However, any lapse of time before proper filing in state court *is* counted. *Flanagan v. Johnson*, 154 F.3d 196, 199 n. 1 (5th Cir. 1998).

A state application is considered pending both while it is in state court for review and also during intervals between a state court's disposition and the petitioner's timely filing for review at the next level of state consideration. *Melancon v. Kaylo*, 259 F.3d 401, 406 (5th Cir. 2001). The limitations period is not tolled, however, for the period between the completion of state review and the filing of the federal habeas application. *Mayle v. Felix*, 545 U.S. 644, 644 (2005). Accordingly, in order to determine whether a habeas petition is time-barred under the provisions of §2244(d) the court must ascertain: (1) the date upon which the judgment became final either by the conclusion of direct review or by the expiration of time for seeking further direct review, (2) the dates during which properly filed petitions for post-conviction or other collateral review were pending in the state courts, and (3) the date upon which the petitioner filed his federal habeas corpus petition.

### B. Procedural Default and Exhaustion of State Court Remedies

Before proceeding to the merits of the issues raised in the petition, this court considers the doctrines of procedural default and exhaustion of state court remedies. Exhaustion and procedural

default are both affirmative defenses that may be waived by the state if not raised in its responsive pleadings. *See, e.g.*, *Cupit v. Whitley*, 28 F.3d 532, 535 (5th Cir. 1994). However, the federal district court may also consider both doctrines on its own motion. *Magouirk v. Phillips*, 144 F.3d 348, 357–59 (5th Cir. 1998). Therefore we consider any claims by respondent under these doctrines, in addition to conducting our own review.

   1. ***Exhaustion of State Court Remedies***

The federal habeas corpus statute and decades of federal jurisprudence require a petitioner seeking federal habeas corpus relief to exhaust all available state court remedies prior to filing his federal petition. 28 U.S.C. § 2254(b)(1); *e.g.*, *Whitehead v. Johnson,* 157 F.3d 384, 387 (5th Cir. 1998). This is a matter of comity. *Ex parte Royall*, 6 S.Ct. 734, 740–41 (1886). In order to satisfy the exhaustion requirement, the petitioner must have "fairly presented" the substance of his federal constitutional claims to the state courts "in a procedurally proper manner according to the rules of the state courts." *Wilder v. Cockrell,* 274 F.3d 255, 259 (5th Cir. 2001); *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988). Each claim must be presented to the state's highest court, even when review by that court is discretionary. *E.g.*, *Wilson v. Foti*, 832 F.2d 891, 893–94 (5th Cir. 1987). Exhaustion is not satisfied if the petitioner presents new legal theories or entirely new factual claims in support of his federal habeas petition. *Brown v. Estelle*, 701 F.2d 494, 495 (5th Cir. 1983).

In Louisiana the highest court is the Louisiana Supreme Court. *See* LSA–Const. art. 5, § 5(a). Thus, in order for a Louisiana prisoner to have exhausted his state court remedies he must have fairly presented the substance of his federal constitutional claims to the Louisiana Supreme Court in a procedurally correct manner, supported by the legal theories and factual allegations that he raises now. *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir. 1997).

### 2. *Procedural Default*

When a petitioner has defaulted a claim by violating a state procedural rule which constitutes adequate and independent grounds to bar direct review in the United States Supreme Court, he may not raise that claim in a federal habeas proceeding absent a showing of cause and prejudice or actual innocence. *Coleman v. Thompson*, 111 S.Ct. 2546, 2554 (1991). Failure to satisfy state procedural requirements results in forfeiture of a petitioner's right to present a claim in a federal habeas proceeding. *Murray v. Carrier*, 106 S.Ct. 2639 (1986). This is not a jurisdictional matter; rather, it is grounded in concerns of comity and federalism. *Trest v. Cain*, 118 S.Ct. 478, 480 (1997).

Procedural default exists where (1) a state court clearly and expressly bases its dismissal of the petitioner's constitutional claim on a state procedural rule and that procedural rule provides an independent and adequate ground for the dismissal ("traditional" procedural default)[1] or (2) the petitioner fails to properly exhaust all available state court remedies and the state court to which he would be required to petition would now find the claims procedurally barred ("technical" procedural default). In either instance, the petitioner is considered to have forfeited his federal habeas claims. *Bledsue v. Johnson*, 188 F.3d 250, 254–5 (5th Cir. 1999). The grounds for traditional procedural default must be based on the actions of the last state court rendering a judgment. *Harris v. Reed*, 109 S.Ct. 1038, 1043 (1989).

### C. *General Principles*

When a state court adjudicates a petitioner's claim on the merits, this court reviews the ruling under the deferential standard of 28 U.S.C. § 2254(d). *Corwin v. Johnson*, 150 F.3d 456,

---

[1] To serve as adequate grounds for a federally cognizable default the state rule "must have been firmly established and regularly followed by the time as of which it is to be applied." *Busby v. Dretke*, 359 F.3d 708, 718 (5th Cir. 2004) (internal quotations omitted).

471 (5th Cir. 1998). Section 2254(d) provides that a writ of habeas corpus shall not be granted unless the state court's adjudication on the merits resulted in a decision that was either (1) contrary to clearly established federal law or involved an unreasonable application of that law, or (2) based on an unreasonable determination of the facts in light of the evidence before the state court. 28 U.S.C. § 2254(d).

The first standard, whether the state court's adjudication was contrary to or involved an unreasonable application of clearly established federal law, applies to questions of law as well as mixed questions of law and fact. A petitioner must demonstrate that the "fair import" of the state court decision shows that the court failed to apply the controlling federal standard. *Early v. Packer*, 537 U.S. 3, 9 (2002) (per curiam). Furthermore, the decision must be "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair-minded disagreement." *Harrington v. Richter*, 131 S.Ct. 770, 784 (2011). A decision is contrary to clearly established federal law "if the state court applies a rule that contradicts the governing law set forth [by the Supreme Court], or if the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedents and arrives at a [contrary] result . . . ." *Bell v. Cone*, 543 U.S. 447, 452-53 (2005), quoting *Williams v. Taylor*, 529 U.S. 362, 405 (2000) (internal quotations omitted).

The second standard – whether the state court's adjudication was based on an unreasonable determination of the facts in light of the evidence – applies to questions of fact. It is insufficient for a petitioner to show that the state court erred in its factual determination but rather he must demonstrate that the factual determination was objectively unreasonable, a "substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). "[A] state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different

conclusion in the first instance." *Wood v. Allen*, 130 S.Ct. 841, 849 (2010). Rather, the petitioner has to show that "a reasonable factfinder must conclude" that the determination of facts by the state court was unreasonable. *Rice v. Collins*, 546 U.S. 333, 341 (2006).

### III.
### LEGAL ANALYSIS

As a preliminary matter this court reviews the petitioner's application for timeliness, failure to exhaust state court remedies, and procedural default. If the claim is procedurally viable, its merits are considered under the general standards set forth in Section II.C.

*A. Timeliness*

Here the petitioner forfeited his right of direct appeal through his guilty plea, meaning that his conviction became final when that plea was entered and he was sentenced on September 22, 2011. Thus **147 days** accrued against his one year limit until his first application for post-conviction relief was filed on or about February 16, 2012. None of the petitioner's attempts at review on post-conviction relief were rejected in the state courts for untimeliness.[2] Thus that application remained pending until the Louisiana Supreme Court denied the petitioner's writ application on June 5, 2015. Therefore an additional **38 days** accrued before the instant petition was filed on July 13, 2015, meaning that only **185 days** are counted against the petitioner's one year limit and the instant application is timely.

---

[2] The respondent alleges that the petitioner's time limit under § 2244(d) has passed, apparently arguing that the petitioner is not entitled to statutory tolling for some of the period in which he was pursuing post-conviction remedies. *See* doc. 18, att. 1, p. 5. In *Pace v. DiGuglielmo*, 125 S.Ct. 1807 (2005), the Court held that a petitioner was not entitled to statutory tolling under § 2244(d) where the petition was ruled as untimely filed in the state courts. However, it left undecided the question of whether a petitioner was entitled to tolling when the state courts did not expressly deny the petition on untimeliness grounds. *See* BRIAN MEANS, FEDERAL HABEAS MANUAL § 9A:51 (2016). Therefore, because there was no finding of untimeliness in the state courts on this matter, we credit the petitioner with statutory tolling for the entire period his first application for post-conviction relief was pending.

### B. Exhaustion of State Court Remedies and Procedural Default

All of the claims raised here were presented to and exhausted in the state courts through at least one of the petitioner's post-conviction filings. There does not appear to be a sufficient basis for procedural default of these claims.[3] Therefore exhaustion and procedural default present no obstacles to our consideration of this petition.

### C. Substantive Analysis

Here the petitioner alleges constitutional violations prior to his guilty plea in his first, third, and fourth claims, and attacks the voluntariness of his guilty plea under the second claim. As the respondent notes, entry of a knowing and voluntary guilty plea would prevent the petitioner from raising such claims. The Fifth Circuit has long recognized that,

> [f]or the purposes of section 2254 proceedings, "a guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea."

*Cook v. Lynaugh*, 821 F.2d 1072, 1075 (5th Cir. 1987) (quoting *Tollett v. Henderson*, 93 S.Ct. 1602, 1608 (1973)). Thus we will first evaluate the petitioner's second claim and only review his remaining claims if we agree that the alleged defects in his guilty plea hearing were sufficient to render that plea unknowing or involuntary.

The petitioner alleges that the state violated his Fifth Amendment protection against self-incrimination by accepting his guilty plea. Doc. 1, p. 7. A guilty plea is evaluated based on the totality of the circumstances. *Brady v. United States*, 90 S.Ct. 1463, 1469–70 (1970); *Boykin v.*

---

[3] The Louisiana Supreme Court was silent as to the reasons for its denial in the June 2015 ruling. Therefore, under *Ylst v. Nunnemaker*, we are permitted to look through that decision and impose a procedural default if the Third Circuit explicitly imposed a procedural bar on any claim now before us. 111 S.Ct. 2590, 2594–95 (1991). The Third Circuit's denial of writs on the sufficiency of evidence claim did not clearly rely on a procedural rule but instead cited Louisiana case law. *See* doc. 18, att. 3, p. 96.

*Alabama*, 89 S.Ct. 1709, 1711–13 (1969). The central question is "whether the plea represents a voluntary and intelligent choice" on the part of the defendant. *Hill v. Lockhart*, 106 S.Ct. 366, 369 (1985) (quoting *North Carolina v. Alford*, 91 S.Ct. 160, 164 (1970)).

A defendant is ordinarily held to the representations he makes under oath at his plea hearing. As the Court noted in *Blackledge*:

> [T]he representations of the defendant, his lawyer, and the prosecutor at such a hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.

97 S.Ct. 1621, 1629 (1977). However, these representations, "although imposing," are not "invariably insurmountable." *United States v. McCord*, 618 F.2d 389, 392–93 (5th Cir. 1980) (quoting *Blackledge*, 97 S.Ct. at 1629). Still, the petitioner bears a heavy burden in contesting the validity of his plea during federal collateral review. *DeVille v. Whitley*, 21 F.3d 654, 659 (5th Cir. 1994).

Here the petitioner's trial began with selection of a jury on September 20, 2011. Doc. 18, att. 14, pp. 2–4. The next day jury selection was completed and the state introduced five exhibits and testimonial evidence from three witnesses. *Id.* at 4–9. When court resumed the next morning, the petitioner chose to enter a guilty plea rather than continue the trial. *Id.* at 9; Doc. 18, att. 3, pp. 124–32. He signed a form indicating his understanding of all the rights waived by his plea, including those embodied by the Fifth Amendment protection against self-incrimination, and the maximum sentence he faced under the charges. Doc. 18, att. 4, pp. 26–27.

During the hearing on the petitioner's guilty plea, the trial court requested a factual basis on the charges from the state. Doc. 18, att. 3, p. 126. After the prosecutor summarized the crimes,

the following exchange took place between the petitioner, the court, and the prosecutor (Ms. Billeaud):

| | |
|---|---|
| THE COURT: | Is this true? |
| MR. LEWIS: | I take the Fifth, Sir. |
| THE COURT: | You can't do that, sir. |
| MR. LEWIS: | Sir, I have no recollection of those things happening, but I'm taking the – no contest, so – |
| MS. BILLEAUD: | Absolutely not, Judge. |
| THE COURT: | No. You're not – |
| MS. BILLEAUD: | It's a guilty plea. |
| THE COURT: | It has to be a guilty plea. |
| MR. LEWIS: | It occurred. |
| THE COURT: | All right. So it's true? |
| MR. LEWIS: | It's true. |

*Id.* at 126–28.[4] The court verified that the petitioner understood the form he had signed and went over the rights waived by the plea once more (again specifically mentioning the right to plead not guilty and the right to refuse to testify) before accepting the petitioner's guilty plea and sentencing him. *Id.* at 128–32.

The petitioner's sole argument against the validity of his guilty plea appears to be the fact that the court would not allow him to "take the Fifth" on the factual basis. Doc. 1, p. 7. The above colloquy and waiver form establish that the petitioner did waive that right as part of his plea. Additionally, as the respondent points out, this was a guilty plea and not a no contest plea. *See* doc. 18, att. 4, pp. 26–27; doc. 18, att. 3, p. 128. It was thus part of the petitioner's bargain with the state that he admit his guilt in open court. The inducement to plead guilty based on a plea bargain

---

[4] The petitioner alleges that the transcript was altered and that the prosecutor also stated, 'If you don't want to take the plea bargain, we can bring this case to trial." Doc. 19, att. 1, p. 2. The inclusion of this statement in the exchange would not alter our view of the coercion argument, *supra*. He also alleges several other alterations to the transcript not pertinent to this claim but offers no evidence thereof beyond his own self-serving assertions. *See* doc. 19, att. 1. We will not address these.

does not render the plea involuntary. *Brady*, 90 S.Ct. at 1470. Thus the requirement that the petitioner admit to the factual basis does not represent unconstitutional coercion, as the petitioner does not have a right to a plea bargain at whatever terms he chooses. The petitioner was free to deny the factual basis, reject the plea bargain, and resume his trial. For the same reasons, the petitioner's claim that his Fifth Amendment rights were violated at this proceeding have no merit whatsoever.

The petitioner has not overcome the heavy presumption of validity created by his representations. Furthermore, his self-serving representations do not entitle him to an evidentiary hearing on this matter. He thus demonstrates no error in the state court's ruling on this claim. As the petitioner has not shown that his guilty plea was unknowing or involuntary, we will not review his remaining claims.

## IV.
### CONCLUSION

Based on the foregoing, **IT IS RECOMMENDED** that the instant application be **DENIED** and **DISMISSED WITH PREJUDICE**.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

In accordance with Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. *See* 28 U.S.C. § 2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

THUS DONE this 2nd day of April, 2017.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE